UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00069-GNS

MARTIN RICO MURILLO, et al.                                                                          PLAINTIFFS

v.

TRACY DILLARD
BRUCE DILLARD and
CAROLYN DILLARD                                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Dismiss (DN 30). The Motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**

### I.     JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States.

### II.    BACKGROUND

This action arises based upon a wage dispute between Plaintiff farmworkers and Defendant farm owners. The parties had an agreement for Plaintiffs to harvest tobacco in exchange for wages paid by Defendants. (Compl. 1, DN 1). Plaintiffs allege they were not paid a minimum wage under the Fair Labor Standards Act. (Compl 1). Defendant Tracy Dillard ("Dillard") has filed a counterclaim alleging a breach of contract based upon Plaintiffs' alleged false reporting of the amount of tobacco harvested. (Answer & Countercl. 15-16, DN 29).

### III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

### IV. DISCUSSION

Plaintiffs move to dismiss Count I of Defendant Dillard's counterclaim on the basis that Defendant improperly alleges a fraud claim under the guise of a breach of contract claim. (Pls.' Mem. in Supp. of Partial Mot. to Dismiss 2-4 [hereinafter Pls.' Mot.], DN 30-1). Plaintiffs also move to dismiss Dillard's claim for attorney's fees. (Pls.' Mot. 3). The Court addresses each argument in turn.

#### A. Breach of Contract

Dillard alleges that Plaintiffs breached their agreement with him by "falsely reporting" the yields of tobacco harvested in order to obtain additional payment under their agreement.

(Answer & Countercl. ¶¶ 8-9, 19). While not disputing that Dillard has failed to meet the elements of his breach of contract claim, Plaintiffs instead assert Dillard's breach of contract claim is truly a fraud claim and should be subject to the higher pleading standards of Rule 9(b). (Pls.' Mot. 3-4). The Court disagrees. It is well established that individual plaintiffs are the "master of their complaints" in regards to which laws they may base their claims upon. *See Brown v. Tax Ease Lien Invs., LLC*, 77 F. Supp. 3d 598, 603 (W.D. Ky. 2015) (citation omitted). Here, Plaintiffs allege the breach of contract counterclaim sounds in fraud. (Pls.' Mot. 5). The fact remains, however, Dillard is free to bring whatever type of action he chooses as long as he can meet the requirements of Rule 12(b)(6). The Court refuses to dismiss this action simply because Dillard *could have* brought a fraud counterclaim based on the same facts and this hypothetical claim would have failed a higher pleading standard. *See Dodd v. Dyke Indus. Inc.*, No. 3:04CV-226-H 2006 WL 2850660, at *2 (W.D. Ky. Oct. 3, 2006) (finding that when both a fraud claim and breach of contract claim can be made from identical facts, Rule 12(b)(6) rather than Rule 9(b) is the applicable standard). The fact remains that Dillard did not allege fraud and Plaintiffs do not assert Dillard's breach of contract counterclaim fails under Rule 12(b)(6). Therefore, Plaintiffs' motion based upon Rule 9(b) will be denied.

B. **Attorney's Fees**

Plaintiffs also attempt to dismiss Dillard's claim for attorney's fees because an award for attorney's fees is not specifically provided for in the contract at issue in this case. (Pls.' Mot. 6). Plaintiffs are correct that generally "attorney's fees are not allowable as costs in absence of statute or contract expressly providing therefore." *Ky. State Bank v. AG Servs., Inc.*, 663 S.W.2d 754, 755 (Ky. App. 1984) (citations omitted). Plaintiffs fail to acknowledge, however, that the "trial court may have the discretion to award attorney fees in certain situations beyond the general rule, acting in equity." *Cummings v. Covey*, 229 S.W.3d 59, 62 (Ky. App. 2007)

(citations omitted). At this early state of litigation, however, the Court cannot determine if equity would require the award of attorney's fees. Therefore, the Court will deny Plaintiffs' motion as to attorney's fees.

## V.      CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiffs' Motion to Dismiss (DN 30) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
May 26, 2016

cc:     counsel of record

4