UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00069-GNS

**MARTIN RICO MURILLO, et al.**                                                                    **PLAINTIFF**

**V.**

**TRACY DILLARD, BRUCE DILLARD,**
**and CAROLYN DILLARD**                                                                            **DEFENDANTS**

**MEMORANDUM, OPINION,
AND ORDER**

Before the court are two related motions (DN 66, 67). Defendants, Tracy Dillard ("Tracy"), Bruce Dillard ("Bruce"), and Carolyn Dillard ("Carolyn") (collectively, the "Dillards"), have filed a motion for a protective order prohibiting Plaintiffs from conducting trial depositions in Mexico (DN 66). Plaintiffs have filed a motion for leave to take more than ten depositions (DN 67). Responses to each motion (DN 72, 73) and replies in support of each motion (DN 74, 75) have been filed. Both matters are now ripe for determination.

BACKGROUND

The Plaintiffs are 24 migrant agricultural workers who are citizens of Mexico (DN 57 Third Amended Complaint). The Dillards brought Plaintiffs to the United States under the federal H-2A visa program to perform agricultural work (Id.). The agricultural work involved planting and harvesting tobacco on the Dillards' farm in Monroe County, Kentucky (Id.).

Plaintiffs have brought claims against the Dillards for violations of the Fair Labor Standards Act and for breach of contract (Id.). Additionally, Plaintiffs have brought a claim for retaliation against Tracy Dillard (Id.).

In the joint report of the Rule 26(f) meeting, the parties recognized that Plaintiffs' deposition testimony was vital to this action and that the parties hoped to resolve the question of where the depositions will be taken without Court intervention (DN 24). The parties acknowledged that Plaintiffs may not be able to reenter the United States during the course of this litigation because their H-2A visas have expired and the difficulties of obtaining visas that would allow them to participate in depositions in the United States (DN 24). Plaintiffs' position was the depositions should be conducted in Mexico, unless one of the Plaintiffs is present in the Western District of Kentucky during the course of discovery (DN 24). The Dillards' position was that the depositions of Plaintiffs should be taken in the Western District of Kentucky at a time convenient for all parties and their counsel (DN 24).

DISCUSSION

Motion for a Protective Order

The Dillards seek a protective order, pursuant to Fed. R. Civ. P. 26(c), prohibiting Plaintiffs from conducting their trial depositions in Mexico (DN 66). The Dillards contend the undue burden or expense of having to travel to a rural part of Mexico to take the depositions of all 24 Plaintiffs in a case involving nominal damages establishes "good cause" for granting the requested protective order (Id.). The Dillards assert that under Rule 26 a defendant is entitled depose a plaintiff in the forum where the plaintiff filed suit (Id.). The Dillards acknowledge that

if a plaintiff demonstrates a hardship or burden that outweighs any prejudice to the defendant then the court, pursuant to Rule 26, may order the plaintiff's deposition be taken in an alternative location (Id.). The Dillards argue this exception should not be applied here because Plaintiffs chose to work on the Dillard farm and sue the Dillards in this forum, instead of complaining to the Department of Labor (Id.). Further, the Dillards contend, Plaintiffs' conclusory allegations are insufficient to demonstrate conducting the depositions in Kentucky would be unduly burdensome (Id.). The Dillards acknowledge that Plaintiffs have offered to pay for defense counsel's air fare to Mexico and one week in a hotel (Id.). The Dillards suggest that Plaintiffs could use that money to bus themselves to Kentucky for the depositions (Id.). The Dillards contend that Plaintiffs have failed to demonstrate a hardship or burden that outweighs the prejudice to the Dillards, who are on the verge of filing bankruptcy, and will have to pay hourly legal fees arising out of their counsel traveling to Mexico and taking 24 depositions (Id.). The Dillards argue justice requires these trial depositions be conducted in Kentucky so that their counsel will have the opportunity to observe each Plaintiff's demeanor and conduct a thorough cross-examination, utilizing documents produced in discovery (Id.).

Plaintiffs assert the will suffer an undue hardship if must appear for their depositions in the Western District of Kentucky because they lack both the financial resources and visas necessary to make the trip from Mexico to Kentucky (DN 72). Included with Plaintiffs' response are 13 sworn declarations showing they are impoverished migrant farm workers and that the process of obtaining a visa and traveling to Kentucky would be an extremely burdensome or an insurmountable (DN 72-6). The declarations show that each Plaintiff is the primary or sole income source in the family (Id.). Moreover, the declarations indicate in order to apply for a visa

to travel to the United States each Plaintiff will have to travel about 12 to 14 hours by foot and bus to reach the closest United States Consulate (Id.). Plaintiffs assert that conducting the depositions in Mexico will not impose an undue hardship on the Dillards because visas are not need to make the trip and the cost of airfare for three attorneys is significantly less expensive than transporting 24 Plaintiffs to Kentucky (DN 72). Plaintiffs point out that the Dillards could further reduce their costs by conducting the depositions by telephone or video conferencing, augmented by telephone[1], which would allow defense counsel to view each Plaintiffs demeanor (Id.). Plaintiffs argue it would be unfair to burden them on the forum-selection basis because they had no real choice of forum, they had to file the action where the Dillards reside (Id.). Further, Plaintiffs contend the Dillards' conclusory statements of poverty are not sufficient to satisfy the "good cause" cause standard under Rule 26(c) (Id.). Moreover, Plaintiffs question whether Rule 26(C) even applies to this dispute because these will probably be trial depositions addressing issues that cannot be obtained from other sources, such as the hours that Plaintiffs worked, whether Carolyn and Bruce Dillard were employers within the meaning of the FLSA, and the amount of units processed by Plaintiffs (Id.). Finally, excerpts from the report prepared by Plaintiffs' expert witness show their damage claim is for multiple hundreds of thousands of dollars (DN 72-9 PageID # 587-88).

In reply, the Dillards encourage the court to consider the burden and expense of traveling to a rural area of Mexico to take part in the depositions of 24 Plaintiffs, a process that will take multiple weeks, in a case where each Plaintiff is only alleging an underpayment of $2,000 to $3,200 in actual wages (DN 74). Defendants assert the undue burden and expense they will

---

1 During the December 1, 2016 telephonic conference with the Court, Plaintiffs indicated a willingness to attempt video-conferencing during the depositions, through Skype or Facetime, augmented with a telephone line that would provide uninterrupted audio in the event that video failed so that the depositions could proceed without significant delay (DN 72 n. 11).

experience[2] far outweighs the self-imposed hardship that Plaintiffs have created by insisting on taking the depositions of all 24 Plaintiffs at this time (DN 74). The Dillards argue that Plaintiffs do not need to conduct the depositions to develop their case for discovery purposes because their counsel can consult with each Plaintiff to learn and develop the facts of the case (Id.). Further, the Dillards assert, it is premature to make a determination whether preserve trial testimony because Plaintiffs do not yet know who will be unavailable for trial (Id.). Therefore, the Dillards contend they are entitled to entry of an order protecting them from the undue burden and expense of traveling to Mexico to participate in the 24 depositions (Id.).

Rule 26(c)

In pertinent part Rule 26(c) reads as follows:

> **(1) *In General.*** A party or any person from whom discovery is sought may move for a ***protective order*** in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for ***good cause***, issue an order to protect a party or person from annoyance, embarrassment, oppression, or ***undue burden*** or expense, including one or more of the following:
>
> **(A)** forbidding the disclosure or discovery;
>
> **(B)** Specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; . . .

Fed. R. Civ. P. 26(c)(1) (emphasis added). "The burden of establishing good cause for a protective order rests with the movant." Nix v. Sword, 11 F. App'x 498, 500 (6th Cir. 2001). The movant establishes "good cause" by showing that disclosure of the information will work a clearly defined and serious injury to the party seeking protection under the rule. Publicker Indus.,

---

2 To establish their lack of funds, the Dillards have submitted a summary of financial condition that was provided to Plaintiffs' counsel on November 22, 2016 (DN 74-2).

5

Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984); Avirgan v. Hull, 118 F.R.D. 252, 254 (D. D.C. 1987). The party seeking protection must show the injury with specificity. Publicker Indus. Inc., 733 F. at 1071. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" is not sufficient to demonstrate good cause. Cipollone v. Liggett Grp., Inc., 785 1108, 1121 (3d Cir. 1986); Avirgan, 118 F.R.D. at 254. Courts have wide discretion in weighing any relevant factors and deciding whether to issue a protective order. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994).

  The Dillards have the burden of establishing good cause for a protective order because they are the movants. At best, the Dillards have made general assertions about being on the verge of bankruptcy. They have also made broad allegations of undue burden or expense related to traveling to Mexico to take the depositions. However, it will be relatively simple for the Dillards' counsel to travel to Mexico to conduct the depositions because counsel will not need to obtain a visa in order to make the trip. Further, Plaintiffs have offered to pay any differential costs, airfare and accommodations for three attorneys, associated with conducting the depositions in Mexico. Moreover, the amount of time that it would take the Dillards' counsel to prepare for and take the 24 depositions will be the same regardless of whether the depositions are conducted in the forum or Mexico. Thus, the only difference in cost between taking the depositions in the forum versus Mexico will be the amount defense counsel charges the Dillards for travel to Mexico and back. Notably, all the Dillards have done is made a bare assertion that the amount would be an undue burden or expense. The Dillards have also made a general assertion that the undue burden or expense of traveling to Mexico to take these depositions far outweighs the purported value of each Plaintiff's claim for underpayment in actual wages. However, the report prepared by Plaintiffs'

expert witness shows that Plaintiffs' potential claims are worth multiple hundreds of thousands of dollars. In sum, the Dillards' broad allegations of harm are not sufficient to demonstrate good cause.

By contrast, Plaintiffs have demonstrated through declarations that they are impoverished migrant farm workers and their H-2A visas have expired. Thus, not only will it be prohibitively expensive for each of these farmworkers, who are the sole or primary wage earner in their family, to travel to the United States for depositions, it will also be potentially impossible due to their current immigration status. The declarations indicate that Plaintiffs will each have to make a journey of approximately 12 to 14 hours, by foot and bus, to the nearest United States consulate in order to apply for a visa to travel to the United States for the depositions. Moreover, if Plaintiffs make this arduous journey to the United States consulate, there is no guaranty any of them will be granted a tourist visa or other temporary permission to enter the United States for depositions. Plaintiffs have also demonstrated their depositions will be relevant to the claims and defenses in this action and proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). In assessing whether the depositions are proportional to the needs of the case the undersigned has considered the importance of each Plaintiff's deposition testimony to the issues in the case, the total amount in controversy, the parties' inability to access this relevant information from other sources, the parties' resources, the importance of Plaintiffs' testimony in resolving the issues in this case, and whether the burden or expense of the proposed depositions outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1).

Under the special circumstances of this case, the Dillards' preference for conducting the depositions in the forum is substantially outweighed by the difficulty and expense that Plaintiffs

would incur in order to appear for their depositions in Kentucky. Further, the Dillards' general assertions are not sufficient to demonstrate that taking the depositions in Mexico will result in a clearly defined and serious injury. Accordingly, the Court **DENIES** the Dillards' motion for protective order (DN 66).

Motion For Leave To Take More Than Ten Depositions

Plaintiffs are seeking leave to exceed the ten-deposition limit in Fed. R. Civ. P. 30(a)(2)(A)(i) because they want to take dual purpose depositions (discovery and potentially trial testimony) of all 24 Plaintiffs; a dual purpose deposition of Pablo Rico Murillo (a supervisor who resides outside the 100-mile radius of the Court); a discovery deposition of Ray Wilcoxcon, Inc. (agent who assisted the Dillards with obtaining temporary Mexican farm workers); and discovery depositions of Tyson and Tyler Dillard (who helped with farming operations on the Dillard farm) (DN 67-1). To date, Plaintiffs have only taken depositions of the three Defendants (Id.). Plaintiffs argue their testimony is necessary to substantiate each of their claims and respond to defenses asserted by the Dillards, including the question of whether Carolyn and Bruce Dillard were employers under the FLSA (Id.). Plaintiffs reiterate their position that any burden and expense to be borne by the Dillards is outweighed by Plaintiffs' need to secure the testimony (Id.). Plaintiffs suggest that Rule 30(a)(2)(A)(ii) probably is not applicable to the circumstances here because the 24 depositions of Plaintiffs and the deposition of Pablo Rico Murillo will probably be trial (*de bene esse*) depositions (Id. citing Burket v. Hyman Lippitt, P.C., No. 05-72210, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008), Rayco Mfg., Inc. v. Deutz Corp., No. 5:08CV00074, 2010 WL 183866, at *3 (N.D. Ohio 2010)). Plaintiffs contend the depositions of Pablo Rico Murillo, Ray Wilcoxson, Inc., Tyson Dillard, and Tyler Dillard are necessary and proportional to

the needs of the case because these witnesses have information relevant to the hours worked by Plaintiffs, and whether Plaintiffs were reimbursed for inbound travel expenses (Id.).

The Dillards argue that the Court should deny Plaintiffs' motion and protect the Dillards from the significant cost and undue burden that Plaintiffs seek to impose on the Dillards and require Plaintiffs to appear in Kentucky for trial (DN 73). The Dillards contend to obtain leave of court Plaintiffs must make a particularized showing why these depositions are necessary (Id. citing Moore v. Abbott Labs., No. 2:05-cv-1065, 2009 U.S. Dist. LEXIS 55999, at *2 (S.D. Ohio Jan. 8, 2009)). The Dillards also point out that Rule 26(b)(2)(C) requires the Court to limit proposed discovery that is "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive" (Id.). The Dillards argue that taking the depositions of all 24 Plaintiffs will be unreasonably cumulative and duplicative because their responses to written discovery indicate virtually identical claims and testimony concerning the time they spent in the fields and cost to travel to Kentucky (Id.). Moreover, the Dillards suggest that testimony from all 24 Plaintiffs will not be necessary to prove their claim that Carolyn and Bruce Dillard were "employers" under FLSA (Id.). The Dillards assert that Plaintiffs have failed to make a particularized showing that they need to depose Tyler and Tyson Dillard in light of the evidence already obtained through the testimony of Tracy, Carolyn, and Bruce Dillard (Id.). Finally, the Dillards argue that Plaintiffs have merely made general assertions about their inability to appear at trial (Id.).

In reply, Plaintiffs assert that all 24 Plaintiffs must be deposed because the Dillards have not agreed to the use of representative testimony at trial (DN 75). Plaintiffs contend that each Plaintiff must testify to rebut information on the WH-501 Wage Statements issued by the Dillards,

9

to respond to the counterclaims asserted against each Plaintiff, to express their housing claims that vary because they were in different housing locations, and to articulate their different interactions with the Dillards (Id.). Plaintiffs rely on deposition testimony from Carolyn, Tracy, and Bruce Dillard to demonstrate that Tyson and Tyler Dillard have additional evidence regarding issues such as payroll, counted sticks, and travel expenses and, therefore, the depositions are necessary (Id.). Plaintiffs remind the Court that the purpose of the 24 depositions of Plaintiffs would be for the dual purposes of developing and preparing their case pretrial and, potentially, for preserving trial testimony (Id.). Plaintiffs point out the Dillards have not argued against the depositions of Ray Wilcoxson, Inc. and Pablo Rico Murillo, and, thus, presumably concede that Plaintiffs have made a sufficient showing with regard to these two proposed depositions (Id.).

Rule 30 and Rule 26

In relevant part Rule 30 reads as follows:

> **(a) When a Deposition May Be Taken.**
>
> **(2)** *With Leave*. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> **(A)** if the parties have not stipulated to the deposition and:
>
> **(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

Fed. R. Civ. P. 30(a)(2)(A)(i) (emphasis in original).

In relevant part Rule 26 reads as follows:

> **(b) Discovery Scope and Limits.**
>
> **(1)** *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> **(2) *Limitations on Frequency and Extent*.**
>
> **(A)** *When Permitted*. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. . . .
>
> **(C)** *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> **(i)**  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . .

Fed. R. Civ. P. 26(b)(1), (b)(2)(A) and (C)(i).

Parties are generally limited to 10 depositions under Fed. R. Civ. P. 30(a)(1), but with leave of court the number may be increased. Hadfield v. Newpage Corp., No. 5:14-CV-00027-TBR-LLK, 2016 WL 427924, at *4 (W.D. Ky. Feb. 3, 2016) (citing Fed. R. Civ. P. 30(a)(2)(A)(i)). The Court must weigh "several discretionary factors" found in Fed. R. Civ. P. 26(b) before deciding whether to grant leave to depose more than 10 persons. Hadfield, 2016 WL 427924, at *4 (citing Raniola v. Bratton, 243 F.3d 610, 628 (2d Cir. 2001); Fed. R. Civ. P. 30(a)(2)). Notably, the party seeking leave to conduct additional depositions has the burden of persuading the Court that additional depositions are necessary. Hadfield, 2016 WL 427924, at *4 (citing Moore v. Abbott Laboratories, No. 2:05-CV-1065, 2009 WL 73876, at *1 (S.D. Ohio Jan.

8, 2009); Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 07-12250, 2008 WL 251985, at *1 (E.D. Mich. Jan. 30, 2008); *accord* Scott v. City of Sioux City, 298 F.R.D. 400, 402 (N.D. Iowa 2014); Madison v. Jack Link Assocs. Stage & Lighting Prods., Inc., 297 F.R.D. 532, 535 (S.D. Fla. 2013); Byrd v. District of Columbia, 259 F.R.D. 1, 5 (D.D.C. 2009); Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D. 480, 482–83 (N.D. Tex. 2001)).

The Court will begin with an observation that Plaintiffs have only taken three depositions so far. This means that Plaintiffs can take the depositions of Pablo Rico Murillo, Ray Wilcoxson, Inc., Tyson Dillard, Tyler Dillard, and three Plaintiffs before they have to seek leave of court under Fed. R. Civ. P. 30(a)(1). This also means that Plaintiffs have the burden of persuading the Court that taking the depositions of the remaining 21 Plaintiffs is necessary.

The Court acknowledges that *de bene esse* or trial depositions are not part of the discovery process to which the Rule 30(a)(2)(A)(i) ten-per-side deposition limit applies. *See,* Rayco Mfg., Inc., 2010 WL 183866, at *3; *see also* Bouygues Telecom, S.A. v. Tekelec, Inc., 238 F.R.D. 413, 414 (E.D. N.C. 2006) (purpose of *de bene esse* depositions is to preserve testimony for trial); EEOC v. Beauty Enterprises, Inc., No. 3:01CV378(AHN), 2008 WL 3892203, at *1-2 (D. Conn. 2008) (*de bene esse* depositions not part of the discovery process, rather they are used to preserve the testimony of a witnesses who will not be available to testify at trial). Here, however, Plaintiffs have indicated the depositions of Plaintiffs will serve two purposes. Specifically, one purpose will be to discover relevant information in the context of preparing the case for trial, and the other will be to preserve their testimony for trial. Because the depositions of Plaintiffs will serve this dual purpose, the depositions will be considered part of the discovery process to which Rule 30(a)(2)(A)(i) applies.

Plaintiffs have demonstrated their depositions, and the depositions of Pablo Rico Murillo, Ray Wilcoxson, Inc., Tyson Dillard, and Tyler Dillard, will provide evidence that is relevant to the claims and defenses in this action and proportional to the needs of this case. Fed.R.Civ.P. 26(b)(1). In assessing whether the 21 additional depositions are proportional to the needs of the case the undersigned has considered the importance of each deposition to the issues in the case, the total amount in controversy, the parties' inability to access this relevant information from other sources, the parties' resources, the importance of Plaintiffs' testimony in resolving the issues in this case, and whether the burden or expense of the proposed depositions outweighs the likely benefit. Fed.R.Civ.P. 26(b)(1). Additionally, Plaintiffs have demonstrated through excerpts of the depositions of Carolyn, Tracy, and Bruce Dillard, a sampling of WH-501 wage statements, and the claims and defenses in this action, that the depositions they seek to take are not unreasonably cumulative or duplicative, and that the evidence cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed.R.Civ.P. 26(b)(2)(C)(i). In sum, the Plaintiffs have sustained their burden of persuading the court that taking the 21 additional depositions are necessary.

ORDER

**IT IS HEREBY ORDERED** that the Dillards' motion for protective order (DN 66) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to take more than ten depositions (DN 67) is **GRANTED**.

Copies: Counsel of Record