UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00069-GNS-HBB

MARTIN RICO MURILLO, et al.                                    PLAINTIFFS

v.

TRACY DILLARD, et al.                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Objection to Magistrate Judge's Pretrial Discovery Order (DN 79). For the following reasons, the objection is **OVERRULED**.

**I.     BACKGROUND**

This is an action to recover alleged unpaid minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, as well as claims of breach of contract and retaliation. (Third Am. Compl. ¶¶ 96-107, DN 57). Plaintiffs are Mexican nationals who received permission from the U.S. Department of Labor to enter the United States to work under the H-2A visa program. (Third Am. Compl. ¶ 9). Defendants own a farm in Monroe County, Kentucky, and they employed Plaintiffs to perform agricultural work including the planting and harvesting of tobacco. (Third Am. Compl. ¶¶ 13, 17-18, 27-28, 37-38, 42-43). The parties dispute whether the work was actually performed and whether Plaintiffs are entitled to the wages to which they claim.

During the course of discovery, Defendants moved for a protective order to prevent the depositions of Plaintiffs from occurring in Mexico arguing that Plaintiffs failed to show it was

undue hardship or burden to require them to be deposed in Kentucky and that any hardship or burden would outweigh any prejudice to Defendants. (Defs.' Mot. Protective Order 5-6, DN 66). The Magistrate Judge denied the motion after weighing the burden and hardship against the parties in light of the circumstances of this case, and Defendants have objected to that ruling because they believe it would pose an undue hardship for their counsel to have to travel to Mexico for depositions due to their current financial condition. (Mem. Op. & Order, DN 76; Defs.' Obj., DN 79).

## II.     JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a). In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(a).

## III.     STANDARD OF REVIEW

When objections are made to rulings by a magistrate judge involving nondispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "When reviewing a pretrial order regarding non-dispositive issues, a district court judge may only reconsider the order 'where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quoting 28 U.S.C. § 636(b)(1)(A)). A sister court has explained that standard as follows:

> A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed." A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal."

*Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (internal citations omitted) (citation omitted).

## IV. DISCUSSION

In Defendants' objection, they argue that they had proven that it would be to be an undue burden and expense if they were compelled to travel to Mexico to take Plaintiffs' depositions. (Defs.' Obj. 3-6). They argue that the Magistrate Judge failed to properly consider the impact on them of having Defendants to travel to Mexico and depose Plaintiffs. (Defs.' Obj. 3-6).

The Court has reviewed the Magistrate Judge's Memorandum Opinion and Order, as well as Defendants' objection. This Court recognizes the general proposition that "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought because the plaintiff selected the forum." *McGinley v. Barratta*, No. 06-510, 2006 WL 2346301, at *1 (E.D. Pa. 2006) (citation omitted). As the Magistrate Judge explained:

> The Dillards have the burden of establishing good cause for a protective order because they are the movants. At best, the Dillards have made general assertions about being on the verge of bankruptcy. They have also made broad allegations of undue burden or expense related to traveling to Mexico to take the depositions. However, it will be relatively simple for the Dillards' counsel to travel to Mexico to conduct the depositions because counsel will not need to obtain a visa in order to make the trip. Further, Plaintiffs have offered to pay any differential costs, airfare and accommodations for three attorneys, associated with conducting the depositions in Mexico. Moreover, the amount of time that it would take the Dillards' counsel to prepare for and take the 24 depositions will be the same regardless of whether the depositions are conducted in the forum or Mexico. Thus, the only difference in cost between taking the depositions in the forum versus Mexico will be the amount defense counsel charges the Dillards for travel to Mexico and back. Notably, all the Dillards have done is made a bare assertion that the amount would be an undue burden or expense. The Dillards have also made a general assertion that the undue burden or expense of traveling to Mexico to take these depositions far outweighs the purported value of each Plaintiff's claim for underpayment in actual wages. However, the report prepared by Plaintiffs' expert witness shows that Plaintiffs' potential claims are worth multiple hundreds of thousands of dollars. In sum, the Dillards' broad allegations of harm are not sufficient to demonstrate good cause.

> By contrast, Plaintiffs have demonstrated through declarations that they are impoverished migrant farm workers and their H-2A visas have expired. Thus, not only will it be prohibitively expensive for each of these farmworkers, who are the sole or primary wage earner in their family, to travel to the United States for depositions, it will also be potentially impossible due to their current immigration status. The declarations indicate that Plaintiffs will each have to make a journey of approximately 12 to 14 hours, by foot and bus, to the nearest United States consulate in order to apply for a visa to travel to the United States for the depositions. Moreover, if Plaintiffs make this arduous journey to the United States consulate, there is no guaranty any of them will be granted a tourist visa or other temporary permission to enter the United States for depositions. Plaintiffs have also demonstrated their depositions will be relevant to the claims and defenses in this action and proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). In assessing whether the depositions are proportional to the needs of the case the undersigned has considered the importance of each Plaintiff's deposition testimony to the issues in the case, the total amount in controversy, the parties' inability to access this relevant information from other sources, the parties' resources, the importance of Plaintiffs' testimony in resolving the issues in this case, and whether the burden or expense of the proposed depositions outweighs the likely benefit.

(Mem. Op. & Order 6-7 (citing Fed. R. Civ. P. 26(b)(1)). After weighing the relevant factors, the Magistrate Judge concluded that Defendants' broad allegations of harm were insufficient to show good cause warranting the issuance of a protective order. (Mem. Op. & Order 7). The Magistrate Judge also concluded that Plaintiff should be allowed to take the depositions in Mexico because "the depositions [Plaintiffs] seek to take are not unreasonably cumulative or duplicative, and that evidence cannot be obtained from some other source that is more convenient, less burdensome, or less expensive." (Mem. Op. & Order 13 (citing Fed. R. Civ. P. 26(b)(2)(C)(i)).

This Court has reviewed the Memorandum Opinion and Order in its entirety and given Defendants' objection due consideration. Based upon this review, the Court concludes that Defendants have not met the high burden of showing that the Magistrate Judge's decision was clearly erroneous or contrary to law. Moreover, it appears that the Magistrate Judge's opinion was well-reasoned and correct in all respects.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Objection (DN 79) is **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**

June 2, 2017

cc: counsel of record