```
                    UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF KENTUCKY
                        BOWLING GREEN DIVISION

                         ELECTRONICALLY FILED
```

CIVIL ACTION NO. 1:15-cv-69-GNS

MARTIN RICO MURILLO, ET AL                                PLAINTIFFS
AND
KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY     INTERVENING PLAINTIFF

VS.            **INTERVENING COMPLAINT FOR**
               **DECLARATORY JUDGMENT**

TRACY DILLARD, ET AL                                      DEFENDANTS

                         * * * * * *

     Comes the Intervening Plaintiff, KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, by Counsel, and for its Intervening Complaint for Declaratory Judgment against the Defendants, TRACY DILLARD, BRUCE DILLARD and CAROLYN DILLARD, states as follows:

     1.  That the Intervening Plaintiff, KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, is an insurance company qualified to do business in the Commonwealth of Kentucky.

     2.  That on or about May 28, 2015, the Plaintiffs filed a Complaint against the Defendants, TRACY DILLARD, seeking to recover damages for unpaid minimum wages and breach of contract in connection with their performance of agricultural work planting and harvesting tobacco in 2014 and 2015.  According to the Complaint, some of the Plaintiffs began working on May 29, 2014 and some began working on August 18, 2014.

     3.  That on or about July 31, 2015, the Plaintiffs filed a First Amended Complaint which asserted that the Defendants, BRUCE DILLARD and CAROLYN DILLARD, were also responsible to the Plaintiffs for unpaid minimum wages and breach of contract.

4. That on or about December 4, 2015, the Plaintiffs filed a Second Amended Complaint which in addition to asserting particulars about the Plaintiffs' claims for unpaid wages and breach of contract, asserted a claim against the Defendant, TRACY DILLARD, for FLSA retaliation and retaliation under the H-2A program. The Second Amended Complaint asked for liquidated damages, compensatory damages and punitive damages.

5. That on or about October 14, 2016, the Plaintiffs filed a Third Amended Complaint to include the Defendants, BRUCE DILLARD and CAROLYN DILLARD, as Defendants on the Plaintiffs' claim for breach of their H-2A employment contracts, and to add an allegation that the Plaintiffs were employed in an "enterprise" engaged in commerce or in the production of goods for commerce as that term is defined by the Fair Labor Standards Act, 29 U.S.C. §203(s)(1).

6. That effective as of December 27, 2013, the Defendants, BRUCE DILLARD and CAROLYN DILLARD, were insureds under a farmowner policy of insurance issued by KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, and TRACY DILLARD was an additional insured under this policy. A certified copy of this policy is attached hereto and incorporated herein by reference as Exhibit A.

7. That the Defendant, TRACY DILLARD, effective as of June 21, 2013, was insured under a homeowner policy of insurance issued by KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, a certified copy of which is attached hereto and incorporated herein by reference as Exhibit B.

8. That the Defendants, BRUCE DILLARD and CAROLYN DILLARD, were insured under an umbrella policy issued by KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY and TRACY DILLARD may be insured under this policy, by virtue of his being an additional insured under the farmowners policy

attached as Exhibit A.  A certified copy of the umbrella policy is attached hereto and incorporated herein by reference as Exhibit C.

9. That an actual controversy exists as to whether the policies of insurance issued by KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, as referred to above, provide any coverage to the Defendants, TRACY DILLARD, BRUCE DILLARD and CAROLYN DILLARD, and pursuant to 28 U.S.C. §§2201 and 2202, this Intervening Plaintiff is requesting the Court to enter a declaratory judgment finding that the Defendants, TRACY DILLARD, BRUCE DILLARD and CAROLYN DILLARD, are not entitled to coverage under the above referenced policies.

10. That there is no coverage under the policy identified as Exhibit A because of the unambiguous language set forth below as well as other applicable language contained in said policy as follows:

> DEFINITIONS USED THROUGHOUT THIS POLICY
>
> The terms defined below are in bold print throughout this policy:
>
> * * *
>
> 3. "BODILY INJURY" means bodily injury, sickness or disease, and includes care, loss of services and resulting death.
>
> * * *
>
> 11. "PROPERTY DAMAGE" means physical injury to or destruction of tangible property, including loss of its use.
>
> SECTION II
> FARM AND PERSONAL LIABILITY
>
> FARM AND PERSONAL LIABILITY COVERAGE
> (PUBLIC AND EMPLOYER'S LIABILITY)
>
> When shown in the Declaration, WE will pay all sums except punitive damages arising out of any one loss which an INSURED PERSON becomes legally obligated to pay as damages because of BODILY INJURY or PROPERTY DAMAGE covered by this policy.
>
> If a claim is made or suit is brought against the INSURED PERSON seeking damages that are payable under this coverage, WE will defend

the INSURED PERSON at OUR expense, except for Limited Pollution Liability Coverage, using lawyers or OUR choice. WE are not obligated to defend after WE have paid an amount equal to the limit of OUR liability. WE may investigate or settle any claim or suit as WE think appropriate.

11.  That there is no coverage under the policy identified as Exhibit B because of the unambiguous language set forth below as well as other applicable language contained in said policy as follows:

DEFINITIONS

In this policy, "you" or "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

\* \* \*

5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

a. "Bodily injury"; or

b. "Property damage".

6. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

\* \* \*

12.  That there is no coverage under the policy identified as Exhibit C because of the unambiguous language set forth below as well as other applicable language contained in said policy as follows:

PART 1 - DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" on the Declaration Page and spouse if a resident of "your" household. "We", "us" and "our" mean the "Kentucky Farm Bureau Mutual Insurance Company". Other words are defined as follows:

\* \* \*

7. "Occurrence": an accident including the continuous or repeated exposure to conditions, during the policy term, which results in "personal injury" or "property damage" neither expected nor intended by "you".

8. "Personal Injury" includes:
a. mental, or bodily injury, shock, sickness or disease;

b. injury arising out of:
   (1) false arrest, detention or imprisonment, malicious prosecution;
   (2) libel, slander, defamation, humiliation, or a publication or utterance in violation of a person's rights or privacy;
   (3) wrongful entry or eviction, or other invasion of the right of private occupancy;
   (4) racial or religious discrimination (unless coverage is prohibited by law) committed by or at "your" direction, but only with respect to the liability (other than fines or penalties) imposed by law;

c. the care, loss of services or death resulting from personal injury.

\* \* \*

11. Property Damage: physical damage to or destruction of tangible property. This includes the loss of use of that property.

\* \* \*

## PART II - COVERAGES

1. Personal Liability: "We" will pay damages for which "you" become legally responsible due to personal injury or property damage caused by an occurrence. "We" do not coverage punitive or exemplary damages.

\* \* \*

## PART IV - EXCLUSIONS

"We" do not cover:
\* \* \*

3. personal injury to any of "your" employees unless such liability is covered by valid and collectible underlying employers' liability insurance as described in the schedule of underlying insurance, and then only for such hazards for which coverage is available under that policy.

4. any claim arising out of an intentional act committed by or at "your" direction. This exclusion does not apply to "personal injury" resulting from a reasonable act committed to protect persons or property.

5

13. That none of the allegations in the Complaint seek damages for bodily injury, property damage, or personal injury, as defined by the policies, and as contained in the insuring agreement.

14. That the Complaint does not seek damages for an "occurrence" as defined in the policies.

15. That other language as contained in the policies would exclude coverage and the Intervening Plaintiff, KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, relies upon all of the terms, conditions, and exclusions of the policies attached hereto and incorporated herein by reference.

16. That the Intervening Plaintiff, KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, asks for a declaration of rights from this Court, adjudicating that the policies provide no coverage for the claims of the Plaintiffs against the Defendants, TRACY DILLARD, BRUCE DILLARD and CAROLYN DILLARD, and that KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY has no duty to defend, duty to pay those sums that the Defendants, TRACY DILLARD, BRUCE DILLARD and TRACY DILLARD, may become legally obligated to pay, or other obligations of any kind or nature to the Defendants in connection with this matter.

WHEREFORE, the Intervening Plaintiff, KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, seeks the entry of a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202, adjudicating that KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY'S policies provide no coverage for the claims of the Plaintiffs against the Defendants, TRACY DILLARD, BRUCE DILLARD and TRACY DILLARD, and that KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY has no duty to defend, duty to pay those sums that the Defendants, TRACY DILLARD, BRUCE DILLARD and TRACY DILLARD, may become legally obligated to pay as damages, or other obligations of any kind or nature to the Defendants, TRACY DILLARD, BRUCE DILLARD and TRACY DILLARD, in connection

with this matter; demands its costs herein expended; and demands all other relief to which it may be entitled.

>                              HENSLEY & ROSS ATTORNEYS
>
>                              BY:/s/ Patrick A. Ross
>                                 PATRICK A. ROSS
>                                 Attorney for KFBM Insurance Co.
>                                 P.O. Box 350
>                                 Horse Cave, KY  42749
>                                 (270) 786-2155
>                                 hrh@scrtc.com

I hereby certify that I have this 13TH day of December, 2017, served a true and correct copy of the foregoing on the following:

Hon. Douglas L. Stevick
dstevick@trla.org

Hon. Kevin L. Terry
kterry@trla.org

Hon. Caitlin Berberich
cberberich@trla.org

Hon. McKenzie Cantrell
mckenzie@kyequaljustice.org

Hon. Paul Lawless
lawless@boamlaw.com


BY/s/ Patrick A. Ross

PAR:as/4